STATE OF NEW JERSEY, ACTING BY AND THROUGH ROBERT A. ROE, COMMISSIONER OF THE DEPARTMENT OF CONSERVATION AND ECONOMIC DEVELOPMENT, PLAINTIFF-RESPONDENT, v. ANNA ARCHER; BOROUGH OF UNION BEACH, IN THE COUNTY OF MONMOUTH AND STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

STATE OF NEW JERSEY, &c., PLAINTIFF-RESPONDENT, v. BOROUGH OF UNION BEACH, IN THE COUNTY OF MONMOUTH AND STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 15, 1969—Decided September 24, 1969.

Before Judges SULLIVAN, CARTON and HALPERN.

*Mr. Philip J. Blanda, Jr.,* argued the cause for appellant, Borough of Union Beach (*Messrs. Blanda & Blanda,* attorneys).

*Mr. Alan B. Rothstein,* Deputy Attorney General, argued the cause for respondent, State of New Jersey (*Mr. Stephen Skillman,* Deputy Attorney General, of counsel; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. In these consolidated actions the Borough of Union Beach appeals from orders appointing condemnation commissioners entered by the trial court. The complaints in condemnation filed by plaintiff, the Commissioner of the Department of Conservation and Economic Development for the State of New Jersey, allege that the lands in question are being acquired for the purpose of hurricane and shore protection. The program is in connection with the

Flood Control Act of 1962 enacted by Congress. Under the Federal act, specified projects are undertaken by the Federal Government upon receiving assurance of "local cooperation." This includes the providing "without cost to the United States, all lands, easements, and rights of way * * * necessary for construction of the project."

In conjunction with a Federal project for beach erosion control and hurricane protection for Raritan Bay and Sandy Hook Bay, the State, through the Department of Conservation and Economic Development, filed the instant suits to acquire lands in defendant Borough alleged to be required "for the purposes of hurricane and shore protection." The suits were brought under *N. J. S. A.* 12:3–64 which authorizes the Department to condemn lands for the improvement or development of waterways, streams, rivers, creeks, or waterfront or oceanfront property.

■■ Appellant challenges the right of the Department to bring condemnation proceedings for the purposes of hurricane and shore protection on the grounds that there is no statutory authorization presently existing for such purposes. It is also contended that the taking in question are not for public use since the control program is for the benefit only of those municipalities participating in the program.

We have no doubt of the power of the Department under the statute in question to maintain these condemnation proceedings. The statute is general legislation for the public benefit and is to be read broadly so as to permit the Department to achieve the salutary purposes outlined in the act. Participation by the Department in the Federal flood control program *via* this act is fully warranted. To the same effect, we conclude that the taking is for a public purpose, even though the program necessarily only affects particular areas.

Affirmed.